UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Leon Taylor, <br><br> PLAINTIFF <br><br> v. <br><br> Daily, *Captain*; Hinson, *Sgt.*; K. Burnham, *Doctor*; Pucket, *Nurse*; Serenty, *Classification Caseworker*; Ms. Amason, *Notary Republic, Admis. Asst*; Wright, *Law Librarian*; Elaine Miller, *Grievance Coordinator*, <br><br> DEFENDANTS | Case No. 0:22-cv-01012-TLW <br><br><br> **ORDER** |

Thomas Leon Taylor ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983 against the above-named defendants. This action was severed from Civil Action No. 0:22-cv-00256-TLW-PJG.[1] ECF No. 1. The allegations in this severed action were referred to the Honorable Paige J. Gossett, United States Magistrate Judge, for review pursuant to 28 U.S.C. § 36b(b)(1)(B). On March 30, 2022, the magistrate judge issued a report and recommendation ("Report") recommending that this Court summarily dismiss this action without prejudice and without issuance and service of process. ECF No. 7.

The Report categorizes Plaintiff's claims as (1) failure to protect claims, (2) deliberate indifference to medical needs claims, (3) access to court claims, and (4) retaliation claims. *Id.* at 1–11. As for his failure to protect claims, the Report notes that Plaintiff "must show that he was subjected to a substantial risk of serious harm

---

[1] The Court incorporates the procedural background of this case as outlined in the Report and Recommendation, ECF No. 7.

and the defendants had actual knowledge of an excessive risk to the inmate's safety or that the risk was obvious." *Id.* at 7 (citing *Raynor v. Pugh*, 817 F.3d 123, 128 (4th Cir. 2016). In reviewing these claims, the magistrate judge found that "Plaintiff provides no facts that would show there was a known risk" to his safety. *Id.* Accordingly, she concludes that "Plaintiff fails to state a claim for failure to protect upon which relief can be granted against these defendants." *Id.*

As to Plaintiff's second class of claims—deliberate indifference to medical needs—the Report notes that Plaintiff "must demonstrate that subjectively, the officer knew of and disregarded an objectively serious medical need." *Id.* at 8 (citing *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008)). The Report notes that "Plaintiff does not explain what illness he had or what injuries he received as a result of the purported lack of medical treatment [.]" *Id.* Accordingly, the magistrate judge concludes that Plaintiff "fails to plausibly allege that he had a serious medical need that, objectively, amounted to a substantial risk of harm." *Id.*

The Report next addresses Plaintiff's access to the courts claims. To assert such claims, a Plaintiff "must show actual injury or prejudice resulting from the official conduct, specifically, that the alleged deficiency in the legal access program hindered his effort to pursue his legal claim." *Id.* at 9–10 (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). Importantly, "[t]o raise a claim that a prisoner has been unconstitutionally denied access to the courts, the plaintiff cannot rely on conclusory allegations." *Id.* at 9 (citing *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996)). The magistrate judge concludes that "Plaintiff fails to plausibly allege

any actual injury or prejudice from the defendant's actions [because] Plaintiff makes no allegation that any of the defendants' actions prevented him from filing legal documents, contacting legal counsel, or completing necessary legal research." *Id.* at 10. Accordingly, the Report finds that "Plaintiff fails to state a claim for denial of access to the court upon which relief fan be granted against these defendants."

Plaintiff's final clam is that several defendants acted "in retaliation to Plaintiff' reporting that another SCDC staff member sexually assaulted Plaintiff." *Id.*[2] As noted in the Report, "[t]o state a colorable retaliation claim, a plaintiff must allege he engaged in a constitutionally protected activity, the defendant took some action that adversely affected the plaintiff's constitutional right, and there was a casual relationship between his protected activity and the defendant's conduct." *Id.* (citing *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017)). As to this claim, the magistrate judge found that "Plaintiff's assertions that the defendants' actions were retaliatory and conclusory and unsupported by the facts [because] Plaintiff provides no facts that would establish a connection between the defendants' conduct and Plaintiff's [actions]." *Id.* at 11. Thus, the Report concludes that "Plaintiff fails to state a retaliation claim upon which relief can be granted." *Id.*

Plaintiff has not filed objections to the Report to challenge the analysis by the magistrate judge. Plaintiff's objections were due on April 13, 2022, and the

---

[2] Plaintiff's sexual assault claim is being litigated in 0:22-CV-0256-TLW. Based on the record in that case, the Court notes that Plaintiff's sexual assault allegations were investigated and found to be unfounded. His complaint arises from disciplinary charges brought against him for Exhibitionism and Public Masturbation. After he received these charges, Plaintiff brought a PREA complaint alleging that one of the facility's officers sexually harassed him. The complaint was investigated and the PREA Compliance Manager found that Plaintiff's complaint was unfounded, which resulted in the additional charge of filing a false PREA complaint.

deadline for filing them has long expired. This matter is therefore ripe for the Court's review.

The Court is charged with reviewing *de novo* any portion of the magistrate judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992).

In light of the standard in *Wallace*, the Court has carefully reviewed the Report and other relevant filings. For the reasons stated by the magistrate judge, the Report, ECF No. 7, is **ACCEPTED**. This matter is **DISMISSED WITHOUT PREJUDICE AND WITHOUT SERVICE OF PROCESS.**

**IT IS SO ORDERED.**

                                                 *s/Terry L. Wooten*
                                          Senior United States District Judge

March 31, 2023
Columbia, South Carolina